12-3591-cv
*Taddeo v. L.M. Berry and Co.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

       At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand thirteen.

PRESENT:
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
>        *Circuit Judges.*

---

TERESA R. TADDEO,

       *Plaintiff-Appellant,*

       v.                              No. 12-3591-cv

L.M. BERRY AND COMPANY,

       *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**       DAVID ROTHENBERG, Geiger and Rothenberg, LLP, Rochester, NY.

**FOR DEFENDANT-APPELLEE:**       MARGARET A. CLEMENS (Robert I. Koury, Stephen J. Sferra, *on the brief*), Littler Mendelson, P.C., Rochester, NY.

Appeal from the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 20, 2012 judgment of the District Court granting summary judgment for the defendant-appellee is **AFFIRMED**.

This action arose after plaintiff-appellant Teresa Taddeo ("Taddeo" or "plaintiff"), then a 50-year-old woman, was fired from her position as a district manager for defendant-appellee L.M. Berry and Company ("Berry" or "company") following an internal investigation by the company for insubordination after plaintiff and two other managers did not follow instructions not to involve another employee in a company project. The other two managers, Kevin Dowd ("Dowd") and Chris Peer ("Peer"), both men who are younger than plaintiff, were issued only written warnings. Plaintiff subsequently commenced this action against Berry, alleging employment discrimination based upon her sex and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)1; and New York State's Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296. In an August 15, 2012 Memorandum Decision and Order, the District Court dismissed plaintiff's age discrimination claims for "fail[ing] to provide any evidentiary proof that her age had any impact on her termination," *see Taddeo v. L.M. Berry and Co.*, No. 08–CV–6109–CJS, 2012 WL 3535873, at *5 (W.D.N.Y. Aug. 15, 2012); dismissed her gender discrimination claims for "fail[ing] to provide either concrete or even circumstantial proof of discriminatory intent," *id.*; and granted summary judgment for defendant.

This timely appeal followed. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review, to which we refer only as necessary to explain our decision to affirm.

We review an order granting summary judgment *de novo*, "resolving all ambiguities and drawing all permissible factual inferences in favor of the party against whom summary judgment is sought." *Burg v. Gosselin*, 591 F.3d 95, 97 (2d Cir. 2010) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 56. "At the summary-judgment stage, properly exhausted Title VII claims are ordinarily analyzed under the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), and its progeny." *Mathirampuzha v. Potter*, 548 F.3d 70, 78 (2d Cir. 2008). Under this framework, plaintiff "bears the burden of establishing a *prima facie* case of discrimination," by showing, *inter alia*, that she "suffered an adverse employment action . . . under circumstances giving rise to an inference of discriminatory intent." *Id.* (internal quotation marks omitted). We have cautioned that "[w]here an employer acted with discriminatory intent, direct evidence of that intent will only rarely be available, so affidavits and depositions must be carefully scrutinized for circumstantial proof which, if believed, would show discrimination." *See Gorzynski v.*

2

*JetBlue Airways Corp.*, 596 F.3d 93, 101 (2d Cir. 2010) (internal quotation marks and alterations omitted). "Once the *prima facie* case has been shown, 'the burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason' for the adverse employment action." *United States v. Brennan*, 650 F.3d 65, 93 (2d Cir. 2011) (quoting *McDonnell Douglas*, 411 U.S. at 802). ADEA claims are also analyzed under *McDonnell Douglas*'s three-step burden-shifting framework, however, at the third step "'a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action' and not just a contributing or motivating factor." *See Gorzynski*, 596 F.3d at 106 (quoting *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 180 (2009)).

On appeal, plaintiff argues that the District Court erred in finding that she did not present evidence that her termination was made "under circumstances giving rise to an inference of discriminatory intent." *Mathirampuzha*, 548 F.3d at 78. Having conducted an independent and *de novo* review of the record, we disagree. It is undisputed that plaintiff, like her two male co-managers, was initially to be disciplined by a written reprimand. Berry's Vice President of Human Resources, Anita Moore ("Moore"), was subsequently presented with records of cellular phone calls between the managers that Moore took as evidence that Taddeo lied during the company's investigation about phone calls with Peer and Dowd. After an additional conversation with Taddeo, Moore decided to terminate plaintiff's employment on the stated ground that she had lied to her superiors during the investigation.

The facts set forth by plaintiff do not constitute sufficient proof—even circumstantial proof—that could give rise to an inference of discriminatory employer intent. *Gorzynski*, 596 F.3d at 101. While plaintiff makes some additional allegations to suggest discriminatory intent, we agree with the District Court, that these allegations are conclusory and without evidentiary support. *See Taddeo*, 2012 WL 3535873, at *5. In reaching this conclusion we note that the "factual dispute at issue is whether a discriminatory animus *motivated* the employer, not whether the employer is wise, shrewd, prudent, or competent." *Brewer v. Quaker State Oil Refining Corp.*, 72 F.3d 326, 331 (3d Cir. 1995) (internal quotation marks omitted) (emphasis supplied); *see also Graham v. Long Island R.R.*, 230 F.3d 34, 44 (2d Cir. 2000) (holding that even if plaintiff was dismissed due to an erroneous failed drug test, that fact would not demonstrate that defendant's reliance on the test gave rise to an inference of discrimination). Indeed, plaintiff's arguments on appeal, even if credited, would only show that Moore exercised poor judgment in concluding that Taddeo had lied to her superiors during the company investigation. It does not follow, however, that Moore acted with discriminatory intent.[1] Accordingly, the District Court appropriately dismissed Taddeo's action for failing to demonstrate "circumstances giving rise to an inference of discriminatory intent." *Mathirampuzha*, 548 F.3d at 78. Even if we were to find that plaintiff satisfied the minimal burden of the *prima facie* case of employment discrimination, *see Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S.

---

[1] Similarly, even if Kevin Dunston, one of Moore's subordinates had "his mind made up about firing plaintiff," see Appellant's Br. 21, that fact alone would not give rise to discriminatory animus on his part.

248, 253 (1981), thus requiring Berry to come forward with an explanation of the reason for the dismissal, plaintiff clearly did not proffer evidence from which a jury could reasonably find the discrimination she claims.

We have reviewed all of plaintiff's argument on appeal and find them to be without merit. Accordingly, we **AFFIRM** the August 20, 2012 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk